1  Thomas A. Saenz (State Bar No. 159430)
2  Julia A. Gomez (State Bar No. 316270)
   MEXICAN AMERICAN LEGAL DEFENSE
3  AND EDUCATIONAL FUND
   634 S. Spring St., 11th Floor
4  Los Angeles, CA 90014
   Telephone:  (213) 629-2512
5  Facsimile:  (213) 629-0266
   tsaenz@maldef.org
6  jgomez@maldef.org

7  *Attorneys for Plaintiff Sandy Vasquez*

8

9                 UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
10

11

12  | SANDY VASQUEZ, | Case No. 5:19-cv-02182 |
    |---|---|
13  | Plaintiff, | **COMPLAINT** |
    | vs. | **CLASS ACTION** |
14  | VMWARE, INC., | **DEMAND FOR JURY TRIAL** |
15  | Defendant. | |
16  | | Action Filed:  April 23, 2019 |

17

18      Plaintiff Sandy Vasquez ("Plaintiff" or "Ms. Vasquez"), individually and on behalf of all

19  others similarly situated, by her attorneys, brings the following allegations against VMware, Inc.

20  ("Defendant" or "VMware"):

21                        **SUMMARY OF THE CLAIMS**

22      1.      Plaintiff Sandy Vasquez, individually and on behalf of all others similarly situated,

23  brings this case against VMware for unlawful discrimination in violation of the Civil Rights Act

24  of 1866, as codified by 42 U.S.C. § 1981, and the Private Attorney General Act, as codified by

25  California Labor Code §§ 2698, *et seq.* ("PAGA").

26      2.      VMware, an American technology company and provider of virtualization and

27  cloud computing software, refused to hire individuals with federal work authorization unless they

28  are U.S. citizens, permanent residents or have a transferable visa.  This company-wide policy and

COMPLAINT                                    1

practice of denying individuals employment based on alienage and immigration status is discriminatory and unlawful under § 1981 of the Civil Rights Act, and under § 2699(a) of PAGA because the policy and practice violates California Labor Code § 1019.1(a)(3).

**PARTIES**

*Plaintiff*

3.      Plaintiff Sandy Vasquez is a resident of New York, New York.  She has a bachelor's degree in Information Systems and Technology from Bellevue College.  Plaintiff is federally authorized to work in the United States under Deferred Action for Childhood Arrivals ("DACA"), and she has an employment authorization document ("EAD") that evidences her authorization to work.

*Defendant*

4.      Defendant VMware is an American technology company and provider of virtualization and cloud computing software.  VMware is headquartered in Palo Alto, California, and VMware's actions as alleged in this Complaint took place in California.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over Plaintiff's § 1981 claim under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's PAGA claim under 28 U.S.C. § 1367.

6.      This Court is empowered to issue declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant resides or is headquartered in the Northern District of California and a substantial part of the events giving rise to the claims occurred in this district.

**BACKGROUND**

*Federal Work Authorization*

8.      Non-citizens must have authorization from the federal government to work in the United States.  Permanent resident cards, EADs, and employment-related visas that allow a non-citizen to work for a particular employer are the three forms of evidence of federal authorization

COMPLAINT                                                    2

1    to work for non-citizens.  *See* 8 C.F.R. § 274a.12.  There are dozens of eligibility categories that

2    permit non-citizens to obtain EADs in connection with a pending or approved application with

3    the United States Citizenship and Immigration Services ("USCIS").  *See* 8 C.F.R. §§ 274a.12

4    (a)(2)–(20), (c)(1)–(36).  Individuals with EADs include, but are not limited to, individuals such

5    as Plaintiff who are recipients of DACA.

6    *DACA*

7         9.     On June 15, 2012, President Barack Obama announced that the United States

8    Department of Homeland Security ("DHS") would not seek to remove certain young immigrants

9    under new DHS guidelines now known as DACA.[1]  Under the DACA guidelines, DHS grants

10   deferred action for two years with the option to renew for an additional two years.  Individuals

11   with DACA are eligible to obtain an EAD, a Social Security number, and a Social Security card.

12        10.    As of August 31, 2018, there are approximately 699,350 DACA recipients residing

13   in the United States.[2]

14                                **STATEMENT OF FACTS**

15   *Discrimination Against Plaintiff*

16        11.    In January 2018, Ms. Vasquez was a student at Bellevue College.  In or around

17   January 2018, Ms. Vasquez applied for a New Hire Grad position as a Technical Support

18   Engineer with VMware.

19        12.    On January 19, 2018, Danielle French, a recruiter for VMware, contacted Ms.

20   Vasquez, scheduled an interview, and informed Ms. Vasquez that she thought Ms. Vasquez

21   would be a great fit for the Technical Support Engineer position.

22        13.    On January 23, 2018, Ms. French interviewed Ms. Vasquez.  During the interview,

23   they discussed the position and Ms. Vasquez's qualifications.  Ms. French abruptly terminated the

24   interview, however, after she asked Ms. Vasquez if she is a U.S. citizen, and Ms. Vasquez

25

---

26   [1]  President Obama, *Remarks by the President on Immigration (June 15, 2012)*, *available at*
http://www.whitehouse.gov/the-press-office/2012/06/15/remarks-president-immigration.

27   [2]  USCIS, *Approximate Active DACA Recipients: Country of Birth As of August 31, 2018*, *available at*
https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20F

28   orms%20Data/All%20Form%20Types/DACA/DACA_Population_Data_August_31_2018.pdf.

COMPLAINT               3

1   responded that she is not and informed Ms. French that her work authorization is through DACA.

2   Ms. French explained that VMware requires that applicants be either a U.S. citizen or a lawful

3   permanent resident and that VMware does not provide sponsorship to employees and ended the

4   call.  Ms. Vasquez did not hear back from Ms. French or VMware until after she filed a PAGA

5   notice.

6          14.    Ms. Vasquez felt embarrassed and humiliated by VMware's refusal to hire her

7   because of her immigration status.  Ms. Vasquez also felt anxiety and stress at the prospect of not

8   being able to find employment in a technology company, and as a consequence she experienced a

9   number of symptoms, including sleepless nights.

10         15.    Ms. French's actions in rejecting a work-authorized DACA holder are consistent

11  with VMware job postings.  The postings read:  "You must be a U.S. citizen or have a

12  transferable visa (H-1B, Green Card, etc.) to apply," or "You must be a U.S.  citizen or permanent

13  resident to apply for this role.  VMware will not sponsor a non-transferable visa for this role."

14  DACA holders are not U.S. citizens or permanent residents, and they do not have a visa.

15  *VMware's Policy is Unlawful and Harms Plaintiff and other Similarly Situated Individuals*

16         16.    VMware's policy and practice to refuse to hire individuals who are federally

17  authorized to work but are not U.S. citizens, do not have a permanent resident card, or do not

18  have a transferable visa harmed Plaintiff, has harmed and will continue to harm other similarly

19  situated individuals, and violates 42 U.S.C. § 1981, PAGA, and California Labor Code §

20  1019.1(a)(3).

21         17.    There is an actual and substantial controversy between Plaintiff and VMware.

22                          **CLASS ACTION ALLEGATIONS**

23         18.    Plaintiff brings her class allegations under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3)

24  on behalf of a class defined as follows:  All individuals within the jurisdiction of the United States

25  who are federally authorized to work and who, beginning on January 30, 2013, have sought

26  employment with VMware and who were denied employment by VMware or were discouraged

27  from applying for a position at VMware because they are not U.S. citizens, do not  have a

28  permanent resident card, or do not have a transferable visa.

COMPLAINT                                    4

1    19.    Plaintiff is a member of the Class.

2    20.    Upon information and belief, the members of the Class are so numerous that

3  joinder of all of them is impracticable.  VMware has offices throughout the United States and

4  there are over a million non-citizens in the United States who have EADs,[3] and they therefore,

5  despite having work authorization, do not meet VMware's employment requirements because

6  they are not U.S. citizens, do not have a permanent resident card, or do not have a transferable

7  visa.  Plaintiff does not know the precise number of Class members as much of this information is

8  in VMware's possession.

9    21.    There are questions of law and fact common to the Class, and these questions

10  predominate over any questions affecting only individual members.  Common questions include,

11  among others:  (1) whether it is VMware's policy or practice to reject employment applicants

12  because they are federally authorized to work but are not U.S. citizens, do not have a permanent

13  resident card, or do not have a transferable visa; (2) whether VMware's policy as set forth above

14  deprives Plaintiff and the Class of the right to contract for work in violation of § 1981; (3)

15  whether VMware's policy as set forth above deprives Plaintiff and the Class of rights under

16  PAGA and California Labor Code § 1019.1(a)(3); (4) whether Plaintiff and the Class suffered

17  harm by reason of VMware's unlawful policy; (5) whether Plaintiff and the Class are entitled to

18  compensatory damages; (6) whether Plaintiff and the Class are entitled to punitive damages; (7)

19  what equitable, injunctive and declaratory relief for the Class is warranted; and (8) the scope of a

20  resulting permanent injunction.

21    22.    Plaintiff's claims are typical of the claims of the Class:  (1) Plaintiff was within the

22  jurisdiction of the United States and is federally authorized to work but is not a U.S. citizen, does

23  not have a permanent resident card, and does not have a transferable visa; (2) Plaintiff applied for

24  a position with VMware; and (3) Plaintiff was denied employment due to her alienage and

25  immigration status.  All of these claims are substantially shared by each and every Class member.

26

27  ---

[3] In Fiscal Year 2014 alone, USCIS issued a total of 1,235,028 EADs.  USCIS, *I-765, Receipt,s Approvals and Denials for FY2008 through FY2014*, *available at* https://www.uscis.gov/sites/default/files/files/nativedocuments/I-765_Receipts_Approvals_and_Denials_for_FY2008_through_FY2014.pdf.

28

COMPLAINT                                5

1   All of the claims arise from the same course of conduct by VMware, and the relief sought is

2   common.

3        23.     Plaintiff will fairly and adequately represent and protect the interests of the

4   members of the Class.  Plaintiff has no conflict with any Class member.  Plaintiff is committed to

5   the goal of having VMware revise its policies to stop discriminating against Plaintiff and other

6   Class members.

7        24.     Plaintiff has retained counsel competent and experienced in complex

8   discrimination class actions.

9        25.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because VMware

10  has acted and/or refused to act on grounds generally applicable to the Class, making appropriate

11  declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.  The Class

12  members are entitled to injunctive relief to end VMware's common, uniform, unfair, and

13  discriminatory policy and/or practice and other relief.

14       26.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

15  common questions of fact and law predominate over any questions affecting only individual

16  members of the Class, and because a class action is superior to other available methods for the

17  fair and efficient adjudication of this litigation since joinder of all members is impracticable.  The

18  Class members have been damaged and are entitled to recovery as a result of VMware's common,

19  uniform, unfair, and discriminatory policies and practices that resulted in denial of employment to

20  each class member.  There are no pending actions raising similar claims.  VMware engages in

21  continuous, permanent, and substantial activity in California.  There will be no undue difficulty in

22  the management of this litigation as a class action.

23               **FIRST CLAIM FOR RELIEF**
       **Private Attorney General Act**

24            **(California Labor Code §§ 2698, *et seq*.)**

25       27.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all

26  prior paragraphs of this Complaint.

27       28.     Plaintiff brings this claim on her own behalf and on behalf of the Class.

28

COMPLAINT                6

29.     On July 20, 2018, under California Labor Code §§ 2699(a) and 2699.3, Plaintiff provided notice to the California Labor Workforce Development Agency ("LWDA") that Plaintiff intended to assert PAGA claims on her own behalf, and in a representative capacity on behalf of other similarly situated individuals, for Defendant's violation of California Labor Code § 1019.1(a)(3).

30.     The LWDA did not respond to Plaintiff's PAGA notice by certified mail within the statutory period and, as a result, Plaintiff has perfected her right to sue Defendant in a civil action and to collect statutory penalties under California Labor Code § 2699.3(a)(2)(A).

31.     On March 25, 2019, VMware and Plaintiff entered into an agreement to toll the statute of limitations on Plaintiff's claims until April 24, 2019.

32.     As a result of the acts alleged above, Plaintiff brings this claim on her own behalf and on behalf of the Class for penalties under California Labor Code § 2699 for Defendant's violations of California Labor Code § 1019.1(a)(3).   California Labor Code § 1019.1(a)(3) prohibits employers from refusing to honor work authorization based upon the specific status or term of status that accompanies the authorization to work.   Here, VMware has a policy and practice to refuse to hire individuals who are federally authorized to work but are not U.S. citizens, do not have a permanent resident card, or do not have a transferable visa.   VMware refused to hire Plaintiff and members of the Class because of the specific status or term of status that accompanies their authorization to work, in violation of California Labor Code § 1019.1(a)(3).

33.     Under California Labor Code § 2699, Plaintiff and the Class are entitled to be awarded twenty-five percent of all penalties due under California law, in addition to interest, attorney's fees, and costs, and the Court should award seventy-five percent of all penalties due under California law to the State of California.   The civil penalty for each violation of § 1019.1(a)(3) is $10,000.

34.     Plaintiff and the Class therefore seek to recover from Defendant allowable penalties, interest, costs, and attorney's fees, in an amount according to proof at trial in accordance with California Labor Code §§ 2698, *et seq.*

COMPLAINT                                                           7

1
2

## SECOND CLAIM FOR RELIEF
### Alienage Discrimination
### (42 U.S.C. § 1981)

3

35.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all

4

prior paragraphs of this Complaint.

5

36.     Plaintiff brings this claim on her own behalf and on behalf of the Class.

6

37.     Plaintiff is a person within the jurisdiction of the United States.

7

38.     Plaintiff is an alien.

8

39.     Plaintiff is legally authorized to work in the United States.

9

40.     VMware intentionally discriminated against Plaintiff and the Class on the basis of

10

alienage by denying them contracts to work or deterring them from work opportunities because

11

they are not U.S. citizens, do not have a permanent resident card, or do not have a transferable

12

visa.

13

41.     VMware's intentional discrimination against Plaintiff and the Class interfered with

14

their right to make and enforce contracts.

15

42.     VMware's policy and practice of refusing to hire Plaintiff and members of the

16

Class based on their alienage despite being legally authorized to work in the United States harmed

17

Plaintiff and the Class and constitutes unlawful alienage discrimination in the making and

18

enforcing of contracts in violation of 42 U.S.C. § 1981.

19

43.     Plaintiff and the Class have no plain, adequate, or complete remedy at law to

20

redress the wrongs alleged, and the injunctive relief sought in this action is the only means of

21

securing complete and adequate relief.  Plaintiff and the Class are now suffering, and will

22

continue to suffer, irreparable injury from VMware's discriminatory acts and omissions.

23

44.     VMware's conduct has caused, and continues to cause, Plaintiff and members of

24

the Class substantial harm, including, but not limited to, emotional distress, in an amount to be

25

determined at trial.

26

## JURY DEMAND

27

1.     Plaintiff demands a trial by jury.

28

COMPLAINT                                             8

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff and the Class pray for relief as follows:

3    1.    Certification of the case as a class action on behalf of the proposed Class;

4    2.    Designation of Plaintiff Sandy Vasquez as a representative on behalf of the Class;

5    3.    Designation of Plaintiff's counsel of record as Class counsel;

6    4.    General damages, including compensatory damages according to proof;

7    5.    Punitive damages according to proof;

8    6.    Declaratory judgment that the policy and practice complained of is unlawful and

9    violates 42 U.S.C. § 1981 and PAGA;

10    7.    A preliminary and permanent injunction against VMware and its officers, agents,

11    successors, employees, representatives, and any and all persons acting in concert with them, from

12    engaging in each of the unlawful policies, practices, customs and usages set forth;

13    8.    Reasonable attorneys' fees, expenses, and costs, including under California Labor

14    Code § 2699(g) and 42 U.S.C § 1988;

15    9.    Interest at the maximum legal rate for all sums awarded; and

16    10.    Such other and further relief as the Court may deem just and proper.

17

18    Dated:  April 23, 2019                    Respectfully submitted,

19                                              MEXICAN AMERICAN LEGAL DEFENSE AND
20                                              EDUCATIONAL FUND

21                                              /s/ Julia A. Gomez
                                                Thomas A. Saenz
22                                              Julia A. Gomez

23                                              *Attorneys for Plaintiff Sandy Vasquez*

24

25

26

27

28

COMPLAINT                              9