SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL S. COWIE, Cal. Bar No. 250131
BROOKE PURCELL, Cal. Bar No. 260058
ANDREA L. ISAACS, Cal. Bar No. 323788
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email         pcowie@sheppardmullin.com
              bpurcell@sheppardmullin.com
              aisaacs@sheppardmullin.com

Attorneys for Defendant
VMware, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDY VASQUEZ, | Case No. 5:19-cv-02182-NC |
| Plaintiff, | **VMWARE, INC.'S ANSWER TO COMPLAINT** |
| v. | |
| VMWARE, INC., | Magistrate Judge: Nathaneal M. Cousins |
| Defendant. | Action Filed:    April 23, 2019 |

1    Defendant VMware, Inc. ("Defendant"), hereby answers Plaintiff Sandy Vasquez's
2 ("Plaintiff") Complaint, Defendant admits, denies, and alleges as follows:

**SUMMARY OF THE CLAIMS**

4    1.    Defendant answers that the allegations in Paragraph 1 of the Complaint consist of
5 legal conclusions and argument to which no response is required; thus, they are denied. To the
6 extent a response is required, Defendant denies each and every remaining allegation contained in
7 Paragraph 1 of the Complaint. Defendant specifically denies that this case is maintainable as a
8 class action.

9    2.    Defendant admits that it is an American technology company and provides
10 compute and cloud software. Defendant denies that it refused to hire individuals with federal
11 work authorization unless they are U.S. citizens, permanent residents or have a transferable visa.
12 Defendant further denies that it has a policy or practice in violation of the Civil Rights Act, section
13 2699(a) of California's Private Attorney's General Act, and or California Labor Code
14 section 1019.1. Except as admitted, Defendant denies each and every remaining allegation
15 contained in Paragraph 2 of the Complaint.

**PARTIES**

17    3.    Defendant lacks information to admit or deny that Plaintiff is a resident of New
18 York and on that basis denies the allegation. Defendant further lacks information to admit or deny
19 that Plaintiff has bachelor's degree in Information Systems and Technology from Bellevue
20 College. Defendant further lacks information to admit or deny that Plaintiff is federally authorized
21 to work in the United States under Deferred Action for Childhood Arrivals ("DACA"), and she
22 has an employment authorization document ("EAD") that evidences her authorization to work.

23    4.    Defendant admits it is an American technology company and provides compute and
24 cloud software. Defendant admits it is headquartered in Pala Alto, California. Except as admitted,
25 Defendant denies and every remaining allegation contained in Paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

27    5.    The allegations in Paragraph 5 of the Complaint constitute legal conclusions and,
28 therefore, no response is required. To the extent a response is required, Defendant admits that the

United States District Court for the Northern District of California has federal question jurisdiction over claims arising under 42 U.S.C. § 1981 and supplemental jurisdiction of claims arising under California Labor Code sections 2699 and 2699.3 pursuant to 28 U.S.C. § 1367.

6. The allegations in Paragraph 6 of the Complaint constitute legal conclusions and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

7. The allegations in Paragraph 7 of the Complaint constitute legal conclusions and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

## BACKGROUND

8. The allegations in Paragraph 8 of the Complaint constitute legal conclusions and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations.

9. Defendant lacks information to admit or deny the date and scope of any announcement by President Barack Obama regarding DACA, and on that basis denies. The remaining allegations in Paragraph 9 of the Complaint constitute legal conclusions and, therefore, no response is required.

10. Defendant lacks information to admit or deny that total number of DACA recipients, and on that basis denies the allegations in paragraph 10.

## STATEMENT OF FACTS

11. Defendant lacks information to admit or deny each and every allegation in Paragraph 11, and on that basis denies.

12. Defendant lacks information to admit or deny each and every allegation in Paragraph 12, and on that basis denies.

13. Defendant lacks information to admit or deny each and every allegation in Paragraph 13, and on that basis denies.

14 Defendant denies each and every allegation in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15.

1  16.  Defendant denies each and every allegation in Paragraph 16.

2  17.  The allegations in Paragraph 17 of the Complaint constitute legal conclusions and,
3 therefore, no response is required.  To the extent a response is required, Defendant denies the
4 allegations.

## CLASS ACTION ALLEGATIONS

6  18.  Paragraph 18 of the Complaint consists of legal conclusions and argument which
7 do not require a response.  To the extent a response is required, Defendant denies each and every
8 allegation contained in Paragraph 18.  Defendant specifically denies that this case is maintainable
9 as a class action.

10  19.  Paragraph 19 of the Complaint consists of legal conclusions and argument which
11 do not require a response.  To the extent a response is required, Defendant denies each and every
12 allegation contained in Paragraph 19.  Defendant specifically denies that this case is maintainable
13 as a class action.

14  20.  Paragraph 20 of the Complaint consists of legal conclusions and argument which
15 do not require a response.  To the extent a response is required, Defendant denies each and every
16 allegation contained in Paragraph 20.  Defendant specifically denies that this case is maintainable
17 as a class action.

18  21.  Paragraph 21 of the Complaint consists of legal conclusions and argument which
19 do not require a response.  To the extent a response is required, Defendant denies each and every
20 allegation contained in Paragraph 21.  Defendant specifically denies that this case is maintainable
21 as a class action.

22  22  Paragraph 22 of the Complaint consists of legal conclusions and argument which
23 do not require a response.  To the extent a response is required, Defendant denies each and every
24 allegation contained in Paragraph 22.  Defendant specifically denies that this case is maintainable
25 as a class action.

26  23.  Paragraph 23 of the Complaint consists of legal conclusions and argument which
27 do not require a response.  To the extent a response is required, Defendant denies each and every
28 ///

allegation contained in Paragraph 23.  Defendant specifically denies that this case is maintainable as a class action.

24.  Paragraph 24 of the Complaint consists of legal conclusions and argument which do not require a response.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 24.  Defendant specifically denies that this case is maintainable as a class action.

25.  Paragraph 25 of the Complaint consists of legal conclusions and argument which do not require a response.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 25.  Defendant specifically denies that this case is maintainable as a class action.

26.  Paragraph 26 of the Complaint consists of legal conclusions and argument which do not require a response.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 26.  Defendant specifically denies that this case is maintainable as a class action.

**FIRST CLAIM FOR RELIEF**

*Private Attorney General Act*

*(California Labor Code §§ 2698, et seq.)*

27.  To the extent the facts incorporated by Paragraph 27 of the Complaint are admitted above, they are admitted here, and to the extent they are denied above, they are denied here.  To the extent no response is required, the same is repeated here.  To the extent any other response is required, Defendant denies the allegations.

28.  Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.  To the extent Paragraph 28 consists of legal conclusions and argument, it does not require a response.

29.  Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

///

///


1  30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint. To the extent Paragraph 30 consists of legal conclusions and argument, it does not require a response.

31. Defendant admits that on March 25, 2019, Defendant entered into an agreement with Plaintiff to toll the statute of limitations on Plaintiff's claims until April 24, 2019. each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation contained in Paragraph 32 of the Complaint. To the extent Paragraph 32 consists of legal conclusions and argument, it does not require a response.

33. Defendant denies each and every allegation contained in Paragraph 33 of the Complaint. To the extent Paragraph 33 consists of legal conclusions and argument, it does not require a response.

34. Defendant denies each and every allegation contained in Paragraph 34 of the Complaint. To the extent Paragraph 34 consists of legal conclusions and argument, it does not require a response.

**SECOND CLAIM FOR RELIEF**

**Alienage Discrimination**

**(42 U.S.C. § 1981)**

35. To the extent the facts incorporated by Paragraph 35 of the Complaint are admitted above, they are admitted here, and to the extent they are denied above, they are denied here. To the extent no response is required, the same is repeated here. To the extent any other response is required, Defendant denies the allegations.

36. Defendant denies each and every allegation contained in Paragraph 36 of the Complaint. To the extent Paragraph 36 consists of legal conclusions and argument, it does not require a response.

37. Defendant denies each and every allegation contained in Paragraph 37 of the Complaint. To the extent Paragraph 37 consists of legal conclusions and argument, it does not require a response.

1   38.   Defendant denies each and every allegation contained in Paragraph 38 of the Complaint. To the extent Paragraph 38 consists of legal conclusions and argument, it does not require a response.

   39.   Defendant denies each and every allegation contained in Paragraph 39 of the Complaint. To the extent Paragraph 39 consists of legal conclusions and argument, it does not require a response.

   40.   Defendant denies each and every allegation contained in Paragraph 40 of the Complaint. To the extent Paragraph 40 consists of legal conclusions and argument, it does not require a response.

   41.   Defendant denies each and every allegation contained in Paragraph 41 of the Complaint. To the extent Paragraph 41 consists of legal conclusions and argument, it does not require a response.

   42.   Defendant denies each and every allegation contained in Paragraph 42 of the Complaint. To the extent Paragraph 42 consists of legal conclusions and argument, it does not require a response.

   43.   Defendant denies each and every allegation contained in Paragraph 43 of the Complaint. To the extent Paragraph 43 consists of legal conclusions and argument, it does not require a response.

   44.   Defendant denies each and every allegation contained in Paragraph 44 of the Complaint. To the extent Paragraph 44 consists of legal conclusions and argument, it does not require a response.

**JURY DEMAND**

Plaintiff's jury demand is not an allegation and does not require a response. To the extent any part of Plaintiff's prayer for relief constitutes an allegation, Defendant denies each and every allegation contained therein.

///

///

///

## PRAYER FOR RELIEF

Plaintiff's prayer for relief is not an allegation and does not require a response. To the extent any part of Plaintiff's prayer for relief constitutes an allegation, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

1. The Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure §§338, 340, and 343; 28 USC § 1658(a); 29 U.S.C. § 255; and 42 U.S.C. § 2000e-5(e)(1).

### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

2. The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant under California Private Attorney General Act, the California Labor Code, the Civil Rights Act of 1866, or other provisions of law or contract.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust)

3. The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to timely and completely exhaust her requisite administrative and/or contractual remedies available to her under the California Private Attorney General Act, the California Labor Code, the Civil Rights Act of 1866, or other provisions of law or contract prior to commencing this action.

### FOURTH AFFIRMATIVE DEFENSE

(Inadequacy of Class Representative)

4. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff is not a proper or adequate representative of the class she purports to

represent and, accordingly, this action is not properly brought as a class action.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Superiority)

5. Defendant is informed and believes, and based upon such information and belief alleges, that the class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the putative class and, accordingly, this action is not properly brought as a class action.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Standing)

6. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each or any purported cause of action alleged in the Complaint and lacks standing to represent the putative class.

## SEVENTH AFFIRMATIVE DEFENSE

(Private Attorneys General Act - Unconstitutional)

7. Defendant alleges that the Complaint and each cause of action are barred because the Private Attorneys General Act, Labor Code section 2699 et seq. ("PAGA") is unconstitutionally vague and overbroad as applied to the Complaint and circumstances of this case. Defendant further alleges that prosecution of a representative action on behalf of similarly situated employees under Labor Code section 2698, et seq., as applied to the Complaint and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution. Further, the penalties sought in Plaintiff's Complaint violate the Due Process and Separation of Powers Clauses of the United States and California Constitutions. Lockyer v. R.J. Reynolds Tobacco Co., 37 Cal. 4th 707 (2005); Ratner v. Chemical Bank New York Trust Co., 54 F.R.D. 412 (S.D.N.Y. 1972).

## EIGHTH AFFIRMATIVE DEFENSE

(Laches)

8. The Complaint, and each and every purported cause of action alleged therein, is

barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action because she did not act within a reasonable time, or otherwise reporting any alleged violation, and has unreasonably delayed in the filing of this lawsuit, causing Defendant to suffer prejudice.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

9. Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

(Waiver)

10. Defendant is informed and believes that Plaintiff and/or the putative class have waived some or all of the purported causes of action alleged in the Complaint by virtue of their prior representations, actions and/or inaction with respect to the claims made in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

11. The Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

(Consent)

12. Defendant alleges that a reasonable opportunity for investigation and discovery will reveal, that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Justification)

13. Any acts alleged to have been committed by Defendant were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances.

//

### FOURTEENTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

14. Defendant alleges that Plaintiff and/or the members of the putative class are not entitled to equitable relief insofar as they have adequate remedies at law.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Unknown Conduct/Outside Course and Scope of Employment)

15. Defendant alleges that the Complaint and/or each purported cause of action therein cannot be maintained against Defendant because if anyone took the actions alleged, such actions were committed outside the course and scope of such employment and were not authorized, adopted or ratified by Defendant, and/or Defendant did not know of nor should it have known of such conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Lack of Authorization and/or Ratification)

16. Defendant did not authorize, direct or participate in any of the alleged wrongful conduct described in the Complaint.  Any recovery on the Complaint, or on any purported cause of action asserted therein, is barred, in whole or in part, because Defendant did not aid, abet, counsel, encourage, authorize or ratify any of the alleged wrongful conduct described therein. Defendant reserve the right to amend and/or to supplement their allegations in support of this affirmative defense as they learn additional information through further investigation and discovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Legitimate, Non-Discriminator Reasons)

17. Defendant alleges that the Complaint, and each purported cause of action therein is barred in whole or in part because Defendant did not engage in the conduct attributed to it by Plaintiff.  However, even assuming *arguendo* the actions alleged in Plaintiff's Complaint occurred, Defendant acted reasonably, with due care, and in good faith at all times material herein, based on relevant facts and circumstances known by it at the time it so acted, and all actions taken toward Plaintiff were for legitimate, good faith and non-discriminatory business reasons.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

18. Defendant alleges the Complaint, and the claims asserted therein, are uncertain.

### NINETEENTH AFFIRMATIVE DEFENSE

(Res Judicata, Bar and Merger)

19. Defendant alleges the causes of action set forth in the Complaint and in each of the purported claims alleged therein are subject to the doctrine of *res judicata*.

### TWENTIETH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

20. The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part by the doctrine of collateral estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

21. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff is barred, in whole or in part, from recovery of any damages based upon the doctrine of after-acquired evidence.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Mitigation of Damages)

22. Defendant is informed and believes that, Plaintiff and members of the putative class have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by such a failure.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Violation of Due Process)

23. Defendant alleges that certification of a class as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. Defendant further alleges that the penalties Plaintiff demands are excessive and violate Defendant's due process rights in violation of the Fourteenth

Amendment to the United States Constitution and the California Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Bad Faith)

24. Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and her attorneys.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

25. Defendant alleges Plaintiff has failed to allege special damages or any other damages with requisite specificity.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Good Faith Dispute)

26. Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith; that Defendant had reasonable grounds for believing that it complied with applicable laws.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Entitlement to Prejudgment Interest)

27. Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

28. Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the doctrine of avoidable consequences.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Private Right of Action)

29.   Defendant alleges that there is no private right of action to recover the penalties sought by Plaintiff and that Plaintiff has not complied with the procedural requirements for seeking any such penalties.

### RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that they intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend the Answer to assert any such defenses.

### PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1.   That the Complaint be dismissed with prejudice in its entirety;

2.   That Plaintiff takes nothing by reason of the Complaint;

3.   That Defendant be awarded its costs of suit and reasonable attorneys' fees to the extent provided by law; and

4.   For such other and further relief as the Court may deem just and proper.

Dated:  October 31, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Andrea L. Isaacs*
PAUL S. COWIE
BROOKE PURCELL
ANDREA L. ISAACS

Attorneys for Defendant VMware, Inc.